## FRANCIS CARLETON CANNON
*vs.*
## LYDIA SCHIPKE CANNON

Superior Court        New Haven County        File No. 63168[7]

MEMORANDUM FILED MARCH 3, 1943.

*Robert P. Billings,* of Wallingford, for the Plaintiff.

*Joseph N. Manfreda,* of Wallingford, for the Defendant.

Memorandum of decision in action for divorce.

WYNNE, J.   Precedents may establish principles but are never precedents in the field of human relations.   This is no anomaly.   It is simply the statement of a truth.   Nothing is more clear from the reading of cases dealing with divorce than that every case is its own precedent.

The instant case is one in point.   So far as principle goes, the *Newman* case offers ample authority for defendant's right to have left her husband.   Could it have become desertion on her part?   Desertion involves a state of mind and there can be no doubt that she had reached a point where she felt the only course open to her was to go her way.

If each were seeking a divorce on the ground of desertion there might be a differenec of opinion in final analysis as to which one had deserted the other.   But here the question is unilateral.   Did the wife desert?   The court apprehends that

she did. Does the fact that her husband's conduct also was certainly legal desertion deny him the release sought? It is urged that he does not come into court with clean hands. This doesn't seem to the court to be particularly persuasive. Marriage is a mutual proposition and its rights and duties are reciprocal. If each party to a marriage has given cause of divorce to the other, must a decree be denied because only one is asking for it? To so hold without any exception might be a travesty of justice. In the case at bar the conclusion is as compelling that the defendant's present attitude is due to plaintiff's recent legacy, as that the plaintiff's attitude is affected by it.

It seems to the court that each of these parties withdrew from the marriage status with slight effort to correct the irritating influences which had developed. If there had been a real desire on the part of either for a fresh start, it is altogether reasonable to believe that the other would have made the effort. Neither one had the desire and neither one took the initiative, and time has run the sands.

There is no question of public policy involved and none of the lack of "clean hands" in the sense implicit in that rather nebulous term.

In a larger sense there is no reason why these parties should not be divorced. There is every reason why they should be. It would be to quibble on technicalities to dismiss the complaint because of legal infirmity on plaintiff's part.

The defendant has seen fit to defend. She was entitled to an allowance for this purpose, having seasonably made a proper motion.

An order may enter on the motion granting her an allowance payable forthwith in the sum of $150.

The issues are found for the plaintiff on his complaint and a decree may enter.